IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAM NGUYEN, 07747-027, | § | |
| | § | |
| VS. | § | NO. 3:08-CV-1904-M |
| | § | NO. 3:05-CR-124-M |
| UNITED STATES OF AMERICA | § | |
| | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Procedural background**

Petitioner filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On November 8, 2005, Petitioner was convicted of: (1) one count of conspiracy to commit mail fraud and wire fraud and to engage in illegal monetary transactions, in violation of 18 U.S.C. § 371; (2) twelve counts of wire fraud, in violation of 18 U.S.C. § 1343; (3) two counts of mail fraud, in violation of 18 U.S.C. § 1341; and (4) three counts of engaging in monetary transactions in property derived from unlawful activity, in violation of 18 U.S.C. § 1957(a).  On June 5, 2006, Petitioner was sentenced to seventy-eight months confinement and three years supervised release.  He was also ordered to pay $966,118.53 in restitution.

On October 12, 2007, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. *United States v. Nguyen*, 504 F.3d 561 (5th Cir. 2007).

On October 27, 2008, Petitioner filed this § 2255 petition. He argues: (1) the evidence was insufficient to support the conviction; (2) the restitution order was improper; (3) the trial court lacked jurisdiction; and (4) he received ineffective assistance of counsel.

On January 5, 2009, the government filed its answer to the petition. On February 18, 2009, Petitioner filed a reply. The Court now recommends that the petition be denied.

## II.  Discussion

### 1.    Claims Not Cognizable

Petitioner raises two claims that are not cognizable on collateral review. He argues the evidence was insufficient to support the conviction, and the court improperly ordered him to pay restitution. A claim of insufficiency of the evidence cannot be raised on collateral review under § 2255. *See Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972); *United States v. Hoenig*, 4:02-CR-035-Y and 4:04-CV-770-Y, 2006 WL 2993262 at *1 (N.D. Tex. Oct. 18, 2006); *Moore v. United States*, No. 4:03-CV-331, 2006 WL 2612693 at *2 (E.D. Tex. Sept. 11, 2006). Additionally, a claim challenging restitution is not properly raised under § 2255. *Campbell v. United States*, 330 Fed. Appx. 482, 483 (5th Cir. 2009) (citing *United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999) and *United States v. Segler*, 37 F.3d 1131, 1135 (5th Cir. 1994)). Accordingly, these claims should be denied.

### 2.    Procedural Bar

Petitioner raises a claim that is procedurally barred. He argues the trial court lacked jurisdiction over his trial. When a defendant fails to raise a jurisdictional claim on direct appeal,

the claim is procedurally defaulted, and can only be considered under § 2255 if petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *United States v. Acklen*, 47 F.3d 739, 741-42 (5th Cir. 1995).

In this case, although Petitioner filed an appeal, he did not argue that the trial court lacked jurisdiction. Petitioner has failed to show cause why he did not raise this claim on direct appeal. Additionally he has failed to show that he is actually innocent. This claim is therefore procedurally barred.

Even if the court were to consider this claim on the merits, the claim fails to entitle Petitioner to relief. In this case, the trial court clearly had jurisdiction over this case. Title 18 U.S.C. § 3231 states:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Petitioner in this case was convicted of violating federal laws, or "laws of the United States." Additionally, in general "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18; 18 U.S.C. § 3232. The trial records show the offenses occurred within the Northern District of Texas. Petitioner's claim that the trial court lacked jurisdiction is without merit and should be denied.

**3.     Ineffective Assistance of Counsel**

Petitioner argues his counsel was ineffective because counsel: (1) failed to challenge the statutory elements of wire fraud by arguing that use of the wires was not foreseeable; (2) failed to argue the trial court lacked jurisdiction; and (3) failed to provide the jury with "true legal" definitions of knowledge, foreseeability and intent.

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A.   Statutory Elements

Petitioner argues his counsel was ineffective for failing to challenge the statutory elements of wire fraud. Specifically, he argues that it was not foreseeable that his property down payments would be used with wire communications to facilitate a mortgage fraud.

The elements of wire fraud, 18 U.S.C. § 1342, are: (1) a scheme to defraud and (2) the use of, or causing the use of, interstate wire communications to execute the scheme. *United States v. Faulkner*, 17 F.3d 745, 771 (5th Cir. 1994). To prove a scheme to defraud, the government must show the defendant had a "conscious, knowing intent to defraud." *United*

*States v. Stephens*, 571 F.3d 401, 404 (5th Cir. 2009).  To prove that a defendant used, or caused the use of, interstate wire communications, the government must show that the defendant knew, or that it was reasonably foreseeable to him that an interstate wire communication would result. *Pereira v. United States*, 347 U.S. 1, 8-9 (1954); *United States v. Finney*, 714 F.2d 420, 423 (5th Cir. 1983).

In this case, trial counsel argued that Petitioner had no knowledge that the loan applications submitted to Countrywide were fraudulent, and he therefore did not knowingly create a scheme to defraud Countrywide.  On cross-examination of government witness Maryann Elerby, Elerby stated that unless a person knew the property appraisals were fraudulent, it would be difficult to know the loan applications were fraudulent.  (Trial Tr. Vol. 3 at 152.)  During defense counsel's cross-examination of FBI agent Huntley, Huntley stated she was unable to connect Petitioner to the fraudulent appraisal, and Petitioner may not have known about the fraudulent appraisals.  (Trial Tr. Vol. 9 at 101).  Agent Huntley also admitted that it did not appear that Petitioner attempted to hide his involvement with the loan applications.  (*Id*. at 93.)

Government witness Sean Nguyen ("Sean") testified that he instigated the fraudulent scheme and that Petitioner was knowingly involved in the scheme.  Defense counsel attempted to show that Sean was not credible.  During defense counsel's cross-examination, Sean admitted that he lied to FBI officials when the FBI first questioned him about the scheme.  (Trial Tr. Vol. 5 at 10).

Defense counsel also attempted to show that Sean had a motive to lie about Petitioner's involvement.  On cross-examination, defense counsel showed that Sean pled guilty to the charges, and that Sean hoped the government would file a motion for downward departure of his

sentence. Sean's testimony against other defendants was part of his substantial assistance to the government to attempt to obtain a motion for downward departure. (*Id*. at 281.)

Defense counsel's cross-examination of Sean showed that prior to the fraudulent scheme, Petitioner and Sean had worked together on legitimate real estate contracts. (*Id*. at 297). Defense counsel attempted to argue that Petitioner believed his contracts were legitimate contracts and he did not know about the fraudulent scheme.

Defense counsel also showed that other witnesses did not trust Sean. Co-defendant Dai Quoc Nguyen ("Dai") testified that Sean attempted to make him the "fall guy" for the scheme. (Trial Tr. Vol. 6 at 258). Government witness Jasmine Cummings stated that Sean was able to "fool people." (Trial Tr. Vol. 8 at 28). Counsel attempted to show that Sean fooled Petitioner into participating in the fraud, and that Sean's testimony at trial that Petitioner was aware of the fraud was untrustworthy.

Additionally, the government stated Petitioner picked up checks from Dai, which was further evidence of his knowledge and involvement in the fraud. On cross-examination of Dai, defense counsel showed that Dai stated he was not able to identify Petitioner in court. (Trial Tr. Vol. 6 at 277.) Additionally, before trial the government showed Dai a photograph of Petitioner, but Dai thought the person who picked up the checks looked different than the person in the photograph. (*Id*. at 275-86.) Defense counsel attempted to show that Petitioner did not pick up checks from Dai and the Petitioner was unaware of the fraud.

At the close of trial, defense counsel moved for acquittal, arguing the government failed to prove all elements of the charge. (Vol. 9 at 218.) This motion was denied.

The record clearly shows defense counsel challenged the government's proof of the

elements of wire fraud by arguing that there was insufficient evidence to show Petitioner had knowledge of a fraudulent scheme or an intent to defraud. Petitioner's ineffective assistance of counsel claim should be denied.

### B. Jurisdiction

Petitioner argues his counsel was ineffective for failing to argue the trial court lacked jurisdiction. As discussed above, the trial court clearly had jurisdiction in this case. Counsel is not required to file frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). This claim should be denied.

### C. Definitions

Petitioner argues his counsel was ineffective because counsel failed to provide the jury with the "true law" definitions of knowledge, foreseeability and intent. (Pet. Mem. At 13.) Petitioner argues the definitions included in the jury charge were incorrect and confusing. (*Id*. at 14.) Petitioner has failed to show the definitions included in the jury charge were incorrect or confusing. Petitioner's conclusory allegations should be denied.

### RECOMMENDATION

The Court recommends that this petition to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

**Signed this 5th day of February, 2010.**

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).